# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0856** (BOR Appeal No. 2049332)
(Claim No. 2012026865)

**ALEX ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Williams, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alex Energy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 7, 2014, in which the Board affirmed a March 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 3, 2013, decision to grant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams, a bulldozer operator for Alex Energy, Inc., was working on February 1, 2012, when his bulldozer slipped off a large rock, hit the ground, and severely jarred the cab. Mr. Williams's neck and upper body were injured in the process. On December 13, 2012, an independent medical evaluation from Marsha Bailey, M.D., was made available. She concluded that Mr. Williams had reached his maximum degree of medical improvement and suffered no permanent impairment. Dr. Bailey found that Mr. Williams's range of motion measurements for both his cervical spine and thoracic spine were all invalid because they were pain restricted. She

1

also found that Mr. Williams had no soft tissue swelling or palpable spasm about his cervical or thoracic spine. Dr. Bailey opined Mr. Williams had a diagnosis of chronic cervical and thoracic sprain without true radiculopathy. Dr. Bailey placed Mr. Williams in Category I of West Virginia Code of State Rules § 85-20-D (2006), which resulted in no ratable impairment. Dr. Bailey also placed Mr. Williams in Category I of West Virginia Code of State Rules § 85-20-E (2006), which also resulted in no ratable impairment. Overall, she did not recommend any impairment. On January 3, 2013, based upon Dr. Bailey's report, the claims administrator granted Mr. Williams a 0% permanent partial disability award. Mr. Williams protested.

On March 7, 2013, Mr. Williams was involved in a non-work-related motor vehicle accident. He complained of neck pain, upper and lower back pain, as well as pain in both shoulders. Mr. Williams was examined and diagnosed with myofascial cervical strain, dorsal myofascial strain, myofascial lumbar strain, and a shoulder injury on both the right and left. On May 13, 2013, an independent medical evaluation from Bruce Guberman, M.D., was made available. Dr. Guberman diagnosed acute and chronic cervical spine strain, post-traumatic; acute and chronic thoracic spine strain, post-traumatic; and a disc herniation at T7-T8 and T11-T12. He concluded that Mr. Williams had reached his maximum degree of medical improvement. Dr. Guberman placed Mr. Williams in Cervical Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for 4% whole person impairment. He also placed Mr. Williams in Thoracic Category II-C of Table 75 of the American Medical Association's *Guides*, which equated to 3% whole person impairment. Dr. Guberman further opined that because of Mr. Williams's placement in Thoracic Category II-F of the American Medical Association's *Guides* for a second disc herniation, he was entitled to an additional 1% permanent partial disability. Dr. Guberman also found 4% whole person impairment based upon range of motion abnormalities of the cervical spine. He also found 2% whole person impairment for range of motion abnormalities in the thoracic spine. Dr. Guberman then placed Mr. Williams in Category II of West Virginia Code of State Rules § 85-20-D for the thoracic spine. He also placed Mr. Williams in Category II of West Virginia Code of State Rules § 85-20-E for the cervical spine. Overall he recommended 14% whole person impairment.

On November 13, 2013, an independent medical evaluation from Prasadarao Mukkamala, M.D., was made available. Mr. Williams reported he was still experiencing neck pain with radiation to the right arm and numbness of the right hand. Dr. Mukkamala diagnosed cervical sprain and thoracic sprain. Dr. Mukkamala opined that Mr. Williams was at his maximum degree of medical improvement and suffered no whole person impairment. Dr. Mukkamala found that the findings on the MRI of the cervical spine were naturally occurring, degenerative in nature, and not causally related to the subject injury. Dr. Mukkamala opined that Dr. Guberman's finding of 14 % whole person impairment were exaggerated.

The Office of Judges found that Mr. Williams was not entitled to any more than a 0% permanent partial disability award. The Office of Judges inferred that Dr. Guberman did not have an accurate medical history of Mr. Williams's cervical and thoracic spine at the time of his examination. The Office of Judges found that approximately two months before Dr. Guberman's evaluation Mr. Williams was involved in a motor vehicle accident which caused him to complain of neck, upper, and lower back pain, as well as pain in both shoulders. After the accident, which

was not work related, the Office of Judges reviewed the report that showed Mr. Williams suffered a myofascial cervical strain, dorsal myofascial strain, myofascial lumbar strain, and a shoulder injury to both the right and left sides. The Office of Judges concluded that Dr. Guberman was unaware of the accident because he failed to mention it in his report. The Office of Judges found that when Mr. Williams was examined by Dr. Mukkamala on November 13, 2013, both Mr. Williams's cervical range of motion and thoracic range of motion had improved. The Office of Judges also noted that Dr. Mukkamala's examination was the most recent independent medical evaluation of record. The Office of Judges determined that the reports of Dr. Bailey and Dr. Mukkamala were more persuasive and consistent with the evidence of record than Dr. Guberman's report. The Office of Judges affirmed the claims administrator's decision to grant a 0% permanent partial disability award. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the decisions of the claims administrator, the Office of Judges, and the Board of Review. Dr. Guberman's evaluation is not as persuasive as Dr. Mukkamala's report. Dr. Guberman was in the worst position to evaluate Mr. Williams's impairment because he examined Mr. Williams directly after his non-work-related automobile accident. Dr. Guberman, apparently, was unaware of the accident. Dr. Mukkamala examined Mr. Williams much later, after the cervical and thoracic problems had ample time to stabilize. Dr. Mukkamala's range of motion measurements was markedly better than Dr. Guberman's measurements. Because Dr. Mukkamala's evaluation more adequately addressed prior non-work-related injuries, it was not in error for the Office of Judges and Board of Review to rely on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, disqualified